IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

TEDDY LEE CLARKS                                                      PETITIONER
ADC #139246

V.                          NO. 5:12CV00261-JTR

RAY HOBBS, Director,                                                  RESPONDENT
Arkansas Department of Correction

## ORDER

On April 15, 2013, the Court denied this 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus. (Docket entries #12, #13.) Petitioner has now filed a Motion for Reconsideration. (Docket entry #14.) In his motion papers, he asks the Court to: (1) reconsider the timeliness issue; (2) address the merits of his federal habeas claims; and (3) consider a free-standing claim of actual innocence pursuant to *Herrera v. Collins*, 506 U.S. 390 (1993).

In support of his Motion, Petitioner submits the following documents which were not previously provided:

(1) A "Motion to Vacate Judgment and Commitment," filed by Petitioner with the Pulaski County Circuit Court on October 4, 2011. In this motion, he argued: (1) the performance of latent fingerprint identification and forensic DNA testing would demonstrate his actual innocence; (2) the credibility of the victim was not sufficiently challenged, her accusation is not enough to support his conviction, and he was thus denied a fair trial; and (3) the trial court and the prosecution violated his constitutional rights, depriving the trial court of subject matter

jurisdiction. (Docket entry #14, at 10-20.)

(2) A January 13, 2012 Order from the Pulaski County Circuit Court, denying the motion to vacate, and holding: (1) Petitioner's motion was not timely under state law, as he had failed to identify any technological advances in fingerprint or DNA testing, or any other basis which would overcome the presumption of untimeliness;[1] (2) the victim's testimony was sufficient to sustain his conviction; and (3) claims that a sentence was imposed in violation of a defendant's constitutional rights were cognizable in Rule 37 proceedings, and any such petition by Petitioner would be denied as successive and untimely.[2] (*Id.* at 21-23.)

(3) Petitioner's sworn affidavit, dated June 2, 2013: (a) stating that "Det. Lett ... took the [DNA] sample from the room and never seal[ed] the sample in the presence of the petitioner," apparently referring to the DNA sample admitted at his trial; and (b) asking this Court to order the state to perform testing on a DNA sample that he provided in August 2007, when he entered the Arkansas Department of Correction, which "was taken correctly." (Docket entry #15.)

None of these documents, or any of Petitioner's arguments, provide a basis for the Court to reconsider its April 15, 2013 decision to deny habeas relief and deny Petitioner a Certificate of Appealability. (Docket entries #12, #13.)

First, the Court previously determined that Petitioner's § 2254 Petition was untimely because it was filed thirty-four days after the expiration of the statute of limitations. (Docket entry #12, at 6.) If the statute was tolled during the 101 days that

---

[1] *See* Ark. Code Ann. § 16-112-202(10)(B) (if a motion for testing is filed more than 36 months after conviction, there is a presumption of untimeliness which may be rebutted upon a showing of certain criteria).

[2] *See* Ark. R. Crim. P. 37.2(b) & (c).

Petitioner's motion to vacate was pending in state court, the § 2254 Petition would be timely. However, because the state trial court found that Petitioner's motion to vacate was *untimely under state law*, it was not "properly filed" under 28 U.S.C. § 2244(d)(2), and thus had no tolling effect. *See Pace v. DiGuglielmo*, 544 U.S., 408, 414 (2005) ("When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2).").

Second, the Court addressed Petitioner's actual-innocence claim in its Memorandum and Order and determined that it did not entitle him to equitable tolling of the limitations period under Eighth Circuit precedent. (Docket entry #12, at 8-9.) Shortly after entry of the Court's decision, the United States Supreme Court expressly held, in *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013), that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar ... or ... *expiration of the statute of limitations*." *Id.* at 1928 (emphasis added). *McQuiggin* analyzed actual innocence as an "equitable exception" *overriding* the statute of limitations, rather than as an extension of the limitations period through equitable tolling. *Id.* at 1931.

The Supreme Court cautioned that "tenable actual-innocence gateway pleas are rare," and reiterated the "demanding" standard articulated in its previous cases: "[A] petitioner does not meet the threshold requirement unless he persuades the district

court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* at 1928 (citing *Schlup v. Delo*, 513 U.S. 298, 329 (1995), and *House v. Bell*, 547 U.S. 518, 538 (2006)). A habeas petitioner's unjustifiable delay in coming forward with his new evidence, while not to be viewed as "an absolute barrier to relief," should still be "a factor in determining whether actual innocence has been reliably shown." *McQuiggin*, 133 S. Ct. at 1928, 1935-36.

In evaluating Petitioner's "gateway" actual-innocence claim, this Court found that: (1) Petitioner failed to show "some action or inaction on the part of the state that prevented [him] from discovering the facts giving rise to his assertion of actual innocence"; (2) he submitted no new evidence, and his "self-serving allegation that a new DNA test would show his innocence" failed to satisfy "the demanding evidentiary standard established by the [Supreme] Court in *House* and *Schlup*"; and (3) in light of the evidence of guilt presented at trial,[3] Petitioner could not "establish the requisite probability" under the actual-innocence standard. (Docket entry #12, at 8-11.)

---

[3]This evidence included: (1) testimony from the victim, Petitioner's step-granddaughter, that he performed sexual acts against her more than twenty times; and (2) expert testimony that DNA tests showed a 99.9% probability that Petitioner was the father of the victim's child. *Clarks v. State*, 2008 WL 4152792, at *2 (Ark. Ct. App. Sept. 10, 2008).

Considering Petitioner's current submissions, along with the trial evidence, he still has failed to show that it is more likely than not that no reasonable juror would have convicted him. As directed by *McQuiggin*, the Court has considered Petitioner's delay in coming forward as only one factor in determining whether actual innocence has been reliably shown.

Finally, Petitioner's free-standing substantive claim of actual innocence is not cognizable in this habeas action. *See Herrera*, 506 U.S. at 404-05 ("a claim of 'actual innocence' it not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits"); *Whitby v. Dormire*, 2 F. App'x 645, *1 (8th Cir. 2001) (unpub. table op.) (a noncapital habeas petitioner "presented the District Court with a free-standing claim of actual innocence based on newly discovered evidence," and the Court "correctly ruled that such a claim is not cognizable in a federal habeas proceeding," citing *Herrera* and *Meadows v. Delo*, 99 F.3d 280, 283 (8th Cir. 1996)).

Thus, Petitioner's Motion for Reconsideration and for Certificate of Appealability (docket entry #14) is **denied**.

DATED THIS 7th DAY OF August, 2013.

_____
UNITED STATES MAGISTRATE JUDGE